UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23041-BLOOM/Louis

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.

STEPHANE DUPOUX, individually,
and as officer, director, shareholder, member,
and/or principal of CG RYC, LLC, CG
MIAMI RIVER, LLC, and/or FOOD AND
LEVERAGE, LLC; CG RYC, LLC; CG
MIAMI RIVER LLC; and FOOD AND
LEVERAGE, LLC,

    Defendants.
_____/

## ORDER ON MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Joe Hand Promotions, Inc.'s ("Plaintiff") Motion for Default Judgment, ECF No. [15] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

Plaintiff initiated this copyright infringement action on July 23, 2020, ECF No. [1]. Summonses were issued as to Defendants Stephane Dupoux, individually and as officer, director, shareholder, member, and/or principal of CG RYC, LLC, CG Miami River, LLC, and/or Food and Leverage, LLC; CG RYC, LLC; CG Miami River, LLC; and Food and Leverage, LLC (collectively, "Defendants") on the same day. ECF No. [3]. Service of the summonses and Complaint was executed on Defendants on October 7, 2020, which in turn set a response deadline of October 28, 2020. ECF No. [9]. After Defendants failed to timely respond, Plaintiff moved for

Clerk's Default on November 10, 2020, ECF No. [11], which the Clerk of Court entered on November 12, 2020, ECF No. [12]. To date, Defendants have neither moved to set aside the Clerk's Default nor filed any other paper in response to this Court's orders.

On December 10, 2020, Plaintiff filed the instant Motion for the entry of judgment on default against all Defendants. ECF No. [15]. However, on December 24, 2020, Plaintiff filed a Notice of Settlement, ECF No. [16], indicating that it had settled all claims asserted in this action against Defendants CG RYC, LLC and CG Miami River, LLC. As such, Plaintiff requested that the Court enter judgment only as to the remaining two Defendants—Stephane Dupoux ("Dupoux") and Food and Leverage, LLC ("F&L"). In light of these representations, the Court will only address the claims raised in the instant Motion as they relate to Dupoux and F&L.

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b). This Circuit maintains a "strong policy of determining cases on their merits and [] therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is appropriate and is within a district court's sound discretion where the defendant has failed to defend or otherwise engage in the proceedings. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting

*Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1]

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Cap. Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); instead, it acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307 ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citations omitted)); *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Moreover, although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). As such, "[b]efore entering default judgment, the court must ensure that it has jurisdiction over the claims

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Westgate Resorts, Ltd. v. Castle Law Grp., P.C.*, No. 6:17-cv-1063-Orl-31DCI, 2020 WL 264676, at *1 (M.D. Fla. Jan. 2, 2020) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206), *report and recommendation adopted*, No. 6:17-cv-1063-Orl-31DCI, 2020 WL 264134 (M.D. Fla. Jan. 17, 2020).

Plaintiff's Complaint asserts one count for alleged violations of the Communications Act of 1934, 47 U.S.C. §§ 553, 605, and one count of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq. See generally* ECF No. [1]. However, in the instant Motion, Plaintiff notes that it "solely moves for judgment and an award of damages under the Copyright Act." ECF No. [15-1] at 5 n.1. After reviewing the factual allegations in the Complaint, the Court concludes that Plaintiff has set forth a sufficient basis to enter default judgment against Dupoux and F&L for copyright infringement. Moreover, because Dupoux and F&L have failed to appear, they have, by default, admitted the truth of the Complaint's allegations. *See Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Accordingly, the Court finds that Plaintiff has adequately stated a plausible claim for relief against Dupoux and F&L on its copyright infringement claims.

"Even though well-pleaded facts in the complaint are deemed admitted, 'plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.'" *Cain v. Consumers Sols. Grp., LLC*, No. 2:16-cv-2031-VEH, 2017 WL 3131053, at *3 (N.D. Ala. July 24, 2017) (quoting *Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024 n.4 (S.D. Ala. 2007); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)); *see also Anheuser Busch, Inc.*

*v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)).

Section 504(c) provides that a copyright owner may elect an award of statutory damages in the sum of not less than $750.00 or more than $30,000.00, as the court considers just, on its copyright infringement claim any time before final judgment is rendered. 17 U.S.C. § 504(c)(1). In addition, if a court finds that the alleged copyright infringement was willful, it may impose damages above the maximum limit up to a sum of not more than $150,000.00. 17 U.S.C. § 504(c)(2). Courts have wide discretion in determining the statutory damage amount. *Tiffany (NJ), LLC v. Liu Dongping*, No. 10-61214-CIV, 2010 WL 4450451, at *6 (S.D. Fla. Oct. 29, 2010).

> A rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes.

*F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 233 (1952).

Plaintiff has elected to recover an award of statutory damages pursuant to § 504(c) for its copyright infringement claims. Such an award of statutory damages is appropriate because statutory damages may be elected whether or not there is adequate evidence of the actual damages suffered by Plaintiff or of the profits reaped by Dupoux and F&L. *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). Moreover, the allegations in the Complaint, which are taken as true, establish that Dupoux and F&L infringed upon Plaintiff's copyrighted material for the

Case 1:20-cv-23041-BB   Document 18   Entered on FLSD Docket 12/31/2020   Page 6 of 12

Case No. 20-cv-23041-BLOOM/Louis

purpose of deriving the benefit of the value of Plaintiff's copyrighted works in order to drive patrons to their establishment for economic gain. As such, § 504(c)(1) permits an award of statutory damages in the sum of not less than $750.00 and not more than $30,000.00 per copyrighted work. Further, if the Court finds that Dupoux and F&L's copyright infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.00." 17 U.S.C. § 504(c)(2). Further, knowledge and willfulness of the infringement need not be proven directly but may be inferred from a defendant's conduct." *Joe Hand Promotions, Inc. v. Phillips*, No. 19-21723-CIV, 2020 WL 3404964, at *2 (S.D. Fla. June 19, 2020) (citing *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005) ("a plaintiff can still prove willfulness by proffering circumstantial evidence that gives rise to an inference of willful conduct")).

In addition to its well-pled factual allegations of copyright infringement, Plaintiff has also submitted documentation to support its assertion of willfulness or deliberate indifference. *See* ECF No. [1]; *see also* ECF Nos. [15-2] – [15-14]. These exhibits submitted in support of Plaintiff's Motion suggest that Dupoux and F&L's infringement was willful, as evidenced by the advertisement and promotion of the event broadcasting Plaintiff's copyrighted programming on various social media platforms and the subsequent exhibition of the event. As a result, Plaintiff seeks a total statutory damage award of $90,000.00 against Dupoux and F&L jointly and severally,[2] which represents approximately three times the amount of the licensing fees that it

---

[2] As another District Court recently explained,

> Under the Copyright Act, "[a] person, 'including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement.'" [*Broad. Music, Inc. v. Jerry Cochran, Inc.*, No. CV-09-S-1779-NW, 2010 WL 11613908, at *6 (N.D. Ala. Dec. 22, 2010)] (quoting *Southern Bell. Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985)). "Similarly, . . . an individual who is the dominant

would have been owed, if not for the willful copyright infringement. *See* ECF Nos. [15-2], [15-3], [15-4], & [15-6].

The Court finds that this award is sufficient to deter Dupoux and F&L and others from continuing to infringe upon Plaintiff's copyrights, and to compensate Plaintiff for the infringement. *See Affordable Aerial Photography, Inc. v. Villa Valentina Realty LLC*, No. 17-81307-CIV, 2018 WL 8129826, at *4 (S.D. Fla. June 7, 2018) ("Specifically, when an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of two to three times actual damages to fully compensate Plaintiff and adequately deter future conduct like that of the Defendant."). Further, courts "have recognized that awards of three times the licensing fee for each work infringed is appropriate, particularly where, as here, the infringement resulted from a deliberate indifference toward copyright laws." *Phillips*, 2020 WL 3404964, at *3 (citing *Broad. Music, Inc. v. Ent. Complex, Inc.*, 198 F. Supp. 2d 1291, 1296 (N.D. Ala. 2002) (awarding "approximately three times the amount of licensing fees that Defendants would have owed to Plaintiffs, which courts have generally upheld as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them")). Therefore, the Court finds that this award of statutory damages falls within the permissible statutory range under 17 U.S.C. § 504(c) and is just in light of the violations here.

Plaintiff also seeks to recover $1,500.00 in attorney's fees billed in this case by its attorney, Brian T. Giles, Esq.

---

influence in a corporation, and through his position can control the acts of that corporation, may be held jointly and severally liable with the corporate entity for copyright infringements, even in the absence of the individual's actual knowledge of the infringements." [*Id.*]

*Phillips*, 2020 WL 3404964, at *5.

> Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award reasonable attorney's fee to pay the prevailing party as part of the costs." Attorneys' fees "are to be awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). As with all fee petitions, the moving party has the burden of demonstrating that its fee request is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). According to the Eleventh Circuit, the only two statutory requirements for an award of attorney's fees are that the fee award should be made to the prevailing party, and that the amount should be reasonable. *Network Prods., Inc.*, 902 F.2d at 853. The Supreme Court has put forth a "nonexclusive list of factors to consider when determining whether to award a prevailing party attorney's fees under § 505, including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Microsoft Corp. v. Tech. Enters., LLC*, No. 06-22880, 2011 WL 13174758, at *3 (S.D. Fla. Sept. 7, 2011) (quoting *Fogerty*, 510 U.S. at 534 n.19).

*Affordable Aerial Photography, Inc.*, 2018 WL 8129826, at *5; *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1292 (11th Cir. 1988) ("For decades the law in this circuit has been that [t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees[.]").

In *Norman*, the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorney's fees. First, a district court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Norman*, 836 F.2d at 1299; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Mia.*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and

reputation." *Norman*, 836 F.2d at 1299. The party who applies for attorney's fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Id.* at 1303.

After calculating the lodestar fee, the Court then proceeds with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the Court may depend upon a number of factors, including the quality of the results, and representation in the litigation. *Id.* at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id*. (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

The Court has carefully reviewed Plaintiff's request for attorney's fees. In determining the appropriate hourly rate for Plaintiff's attorney, the Court considers the factors elucidated in *Norman*, relevant case law, as well as its own knowledge and experience. In the opinion of the Court, in light of the above factors, and Dupoux and F&L's failure to object, the rate requested is reasonable. *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) ("Satisfactory evidence may also include 'citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases.'"). The hourly rate charged ($250.00) is not excessive. The Court further concludes that because Plaintiff achieved the full measure of success sought, the results obtained were "excellent" and thus, the

award of fees "will encompass all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435.

Plaintiff also seeks $875.00 in taxable costs, which includes a $475.00 service of process fee and a $400.00 filing fee. Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, 2011 WL 1598732 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge

regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (citations omitted).

Upon review, the Court concludes that the requested costs are reasonable and recoverable. *See Goodman v. Sperduti Enter., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]"); *see also EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to § 1920(1)). Accordingly, Plaintiff is entitled to recover $875.00 in taxable costs, including the $475.00 service of process fee and the $400.00 filing fee.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Judgment, **ECF No. [15]**, is **GRANTED** as to Defendants Stephane Dupoux and Food and Leverage, LLC.
2. Plaintiff is awarded **$1,500.00** in attorney's fees and **$875.00** in taxable costs.
3. Pursuant to Federal Rule of Civil Procedure 58, the Court will separately enter Final Default Judgment.
4. The Clerk shall **ADMINISTRATIVELY CLOSE** this case.

Case No. 20-cv-23041-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Stephane Dupoux
Food and Leverage, LLC
11 Woodhollow Dr.
East Hampton, New York 11937